**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JULIE M. TITTL,** | ) | **CASE NO.  1:06CV1411** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **STATE OF OHIO, DEPARTMENT** | ) | |
| **OF MENTAL HEALTH, dba, etc.,** | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the pending Motions in Limine. The Court rules as follows:

I. Defendant, Ohio Department of Mental Health, dba Northcoast ("Northcoast") filed its Motion in Limine (ECF DKT #101) containing sub-parts on March 11, 2008. The Motion is GRANTED IN PART. First, Northcoast moves for the exclusion of "me too" evidence of putative reverse-race or gender discrimination. The Amended Complaint does not contain any claim for gender discrimination; so, such evidence is excluded. Further, Plaintiff, Julie M. Tittl ("Tittl"), provides insufficient detail of the proposed "me too" witness testimony to warrant its admission.

Second, as to eliciting evidence from employees whose identities have not been disclosed prior to Tittl's trial witness list, the Motion in Limine is granted.  The Court deems the case "frozen" as if it were proceeding to trial in less than two weeks.

At trial, the Court will admit evidence of "similarly-situated" employees, which meets the standards set by *Ercegovich v. Goodyear Tire & Rubber Co.*. 154 F. 3d 344 (6th Cir. 1998); *Pierce v. Commonwealth Life Insurance Co.*, 40 F. 3d 796 (6th Cir. 1994); and *Mitchell v. Toledo Hosp.*, 964 F. 2d 577 (6th Cir. 1992).

Third, evidence regarding Clinical Nurse Manager Lynn Veal's transfer, disciplinary history, evaluations, and recent voluntary demotion is excluded.

Fourth, evidence offered by any Union member regarding Union attempts to investigate the circumstances surrounding Tittl's separation from employment with Northcoast, or Union research into alleged discrimination by Veal against Caucasian employees is excluded.

II.  Plaintiff's Motion in Limine (ECF DKT #104) to Allow Evidence and Testimony of Other Instances of Discrimination and Retaliation is OVERRULED because Plaintiff provides insufficient detail of the nature and scope of the evidence and testimony to warrant admission.

III.  Plaintiff's Motion in Limine (ECF DKT#105) to Preclude Evidence Regarding Plaintiff's Pre-State of Ohio, Department of Mental Health Employment is GRANTED IN PART.  The Court agrees that Defendant is entitled to explore Plaintiff's alleged emotional distress and its causation.

IV.  Plaintiff's Motion in Limine (ECF DKT #106) to Preclude Evidence Regarding Plaintiff's Post-State of Ohio, Department of Mental Health Employment is GRANTED IN PART.  The court will allow the evidence for the limited purposes of calculation and mitigation

of damages.

V.  Defendant's Motion (ECF DKT #109) to File Second Motion in Limine, *Instanter* is GRANTED.

Defendant, Ohio Department of Mental Health's Second Motion in Limine (ECF DKT #109-2) is GRANTED.  The testimony of Juanita Brown, Helen Flenory-Ashford, Loise Cherrier, Rose Sams, Gloria Donahue, Larry Mixon, and Angelo F. Lonardo is excluded, since these individuals were never before identified nor disclosed.  The Court, moreover, deems all deadlines and activity in this litigation "frozen" as if trial were going forward on the original date of March 31, 2008.

Finally, the Court always reserves the right to change its rulings prior to, or during trial.

**IT IS SO ORDERED.**

**DATE: March 19, 2008**

      **s/Christopher A. Boyko**
      **CHRISTOPHER A. BOYKO**
      **United States District Judge**