**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JULIE M. TITTL,** | ) | **CASE NO. 1:06CV1411** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**ORDER ON RECONSIDERATION**</u> |
| | ) | |
| **STATE OF OHIO, DEPARTMENT** | ) | |
| **OF MENTAL HEALTH, dba, etc.,** | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>**:**

This matter comes before the Court upon Plaintiff's Motion (ECF DKT #116) for Reconsideration of the Court's Order to Grant Defendant's Motions in Limine. For the following reasons, the Motion for Reconsideration is granted in part and denied in part.

<u>**Motion for Reconsideration**</u>

The Federal Rules of Civil Procedure do not provide for motions to reconsider. Although motions for reconsideration may frequently be brought, they are granted only in rare and unusual circumstances. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

"Although motions to reconsider are not ill-founded step-children of the federal

> court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.  To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues."

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (internal citations and quotations omitted).

Furthermore, a "motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law."  *Davie v. Mitchell*, 291 F. Supp.2d 573, 634 (N.D. Ohio 2003).

      I.  Plaintiff, Julie Tittl, seeks to present the testimony of Andjelka Ivasic, Loise Cherrier, Tannielle Waller-Warczak, Sharon Williams and Judy Taylor regarding Lynn Veal's allegedly discriminatory treatment of Caucasian employees.  The Court must balance the probative value of the evidence against the potential prejudicial effect to the adverse party.   Such "me too" evidence may be relevant, depending "on many factors, including how closely related the evidence is to the plaintiff's circumstances and the theory of the case."  *Sprint/United Management Co. v. Mendelsohn*, ___ U.S. ___, 128 S.Ct. 1140, 1147 (2008).  In its Order of March 19, 2008, the Court excluded the testimony of all these individuals because Plaintiff provided insufficient detail to warrant its admission.  Upon reconsideration, the Court will allow the testimony of Andjelka Ivasic and Tannielle Waller-Warczak.  Both these women are Caucasian employees who were under Veal's supervision.  Also, Plaintiff points out that Ivasic filed a discrimination lawsuit and Waller-Warczak complained in an e-mail about discriminatory

treatment. Defendant was, thus, put on notice of similar reverse race discrimination incidents and had the opportunity to respond. Therefore, the testimony of Ivasic and Waller-Warczak is relevant to Plaintiff's contention Defendant knew about, yet failed to address the conduct of Veal.

As to Loise Cherrier, there is no showing that she brought her claims of disparate treatment to the attention of her employer. Further, her alleged incidents occurred almost two years after Plaintiff's termination. Sharon Williams' testimony is not relevant to reverse race discrimination. Judy Taylor's affidavit is a recitation of her "observations" and is fraught with hearsay. These witnesses are excluded.

II. On March 14, 2008, Tittl provided a list of individuals she believes have "personal knowledge of facts underlying the claims or defenses in this action." Those individuals are: Juanita Brown, Helen Flenory-Ashford, Loise Cherrier, Rose Sams, Gloria Donahue, Larry Mixon, and Angelo F. Lonardo. In its March 19, 2008 Order, the Court excluded these individuals because their identities were not disclosed prior to Tittl's trial witness list. Since that time, Defendant concedes Tittl did send a letter, in August of 2007, disclosing an affidavit from Juanita Brown and the intention to call her as a witness at trial. Thus, as to Juanita Brown, the Court reconsiders and will allow her to be called at trial. However, as to the remaining witnesses, Tittl failed to comply with her obligation under Fed. R. 26(a)(1)(A) to provide the names and addresses of people with discoverable information in initial disclosures, in formal discovery, or by way of supplementation. The testimony of Helen Flenory-Ashford, Loise Cherrier, Rose Sams, Gloria Donahue, Larry Mixon, and Angelo F. Lonardo is excluded.

III. With regard to evidence of Clinical Nurse Manager Lynn Veal's employment

history, Tittl has not identified any clear error, nor cited any new law justifying reconsideration. Such evidence is excluded.

IV.  Previously, the Court granted Defendant's Motion in Limine as to evidence offered "by any Union member regarding Union attempts to investigate the circumstances surrounding Tittl's separation from employment with Northcoast, or Union research into alleged discrimination by Veal against Caucasian employees."  Tittl argues Sharon Williams and Robert Robinson are not expected to testify as experts, but as individuals with personal knowledge of the discrimination and retaliation that Plaintiff suffered.  However, Tittl then explains, "Ms. Williams and Mr. Robinson spoke at length with several of Plaintiff's co-workers and obtained written statements from these co-workers."  (ECF DKT #116, p.8).  Although Plaintiff characterizes this evidence as "first hand testimony," it is not.  The Court sees no reason to reconsider its prior decision to exclude this evidence.

**IT IS SO ORDERED.**

**DATE: _September 2, 2008_____**

       **S/Christopher A. Boyko**
       **CHRISTOPHER A. BOYKO**
       **United States District Judge**