UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE M. TITTL, | ) | CASE NO. 1:06CV1411 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| STATE OF OHIO, DEPARTMENT | ) | |
| OF MENTAL HEALTH, dba, etc., | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Defendant's Supplemental Motion for Summary Judgment (ECF DKT #115). For the reasons that follow, the motion is granted.

**I. RELEVANT FACTUAL BACKGROUND**

On March 17, 2008, this Court granted in part and denied in part Defendant's Motion for Summary Judgment. (ECF DKT #111). At a pre-trial conference, the Court allowed Defendant the opportunity to file a supplemental motion for summary judgment on Plaintiff Tittl's claim she suffered retaliation, in violation of Title VII. Tittl alleges Defendant, State of Ohio, Department of Mental Health, dba Northcoast Behavioral Healthcare ("Northcoast"), retaliated against her by "failing to even minimally investigate her allegations; by failing to

consider reinstatement; and by refusing to address Plaintiff's concerns about her probationary removal even after two union representatives presented Defendant with evidence of Plaintiff's biased, unjustified and discriminatory termination." (ECF DKT #89, pp.12-13). The Court notes the nature of Plaintiff's retaliation claim has been a continually shifting one – from "bare bones" allegations in the First Amended Complaint about Plaintiff's disclosure of her supervisor Veal's improper withholding of overtime compensation, to Tittl's forced resignation, to the employer's alleged failure to investigate Tittl's removal and to consider reinstatement. The parties have briefed the last of these characterizations of retaliation; so, the Court will likewise make the failure to investigate and to consider reinstatement the focus of its analysis.

Tittl signed a letter of resignation, effective June 30, 2005. On July 1, 2005 and July 15, 2005, Tittl filed Charges of Discrimination with the Ohio Civil Rights Commission ("OCRC") alleging retaliation on each charge form.

On July 19, 2005, Tittl and union representatives, Sharon Williams and Robert Robinson, as well as Associate Nurse Executive Jeff Sims and Director of Nursing, Susan Kafasz, met with CEO, Paul Guggenheim. Several concerns were raised, including Clinical Nurse Manager Lynn Veal's allegedly discriminatory practices and the circumstances of Tittl's probationary removal/resignation. Guggenheim agreed to look into the matter, follow up and respond promptly. However, on July 22, 2005, Guggenheim learned from Northcoast's EEO Officer, Belinda Duncan, that Tittl had filed charges with the OCRC. As EEO Officer, Duncan is tasked with the responsibility of investigating charges of discrimination and retaliation. Guggenheim sent a letter to Tittl, indicating he believed it

-2-

would be "inappropriate" for him to respond to her concerns at this time; and determining "it is prudent to let these processes you have placed in motion complete their respective cycles." (ECF DKT #117-5).

## II. LAW AND ANALYSIS

### Standard of Review

### Motion for Summary Judgment

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See, Fed. R. Civ. P. 56(c). The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347; *Lee v. Ritter*, No. 1:02-CV-282, 2005 WL 3369616, at *2 (E.D. Tenn. Dec. 12, 2005). This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323; *Lee*, 2005 WL 3369616 at *2. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

## Retaliation

Title VII prohibits an employer from retaliating against an employee who has opposed discriminatory conduct, or made " a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). A plaintiff-employee may establish a prima facie case of discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by providing circumstantial evidence which creates an inference of discrimination. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). "Mere personal belief, conjecture and speculation are insufficient to support an inference of ... discrimination." *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997).

In the absence of direct evidence of discriminatory retaliation, the Court will apply the burden-shifting analysis announced by the United States Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973). Once an employee-plaintiff makes a prima facie showing of retaliation, the burden "shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason'" for the employer's conduct. *Id.* If the defendant

carries this burden, "the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.*

### **Prima facie elements**

An employee-plaintiff may establish a prima facie case of retaliation by demonstrating (1) she engaged in an activity protected by Title VII; (2) the defendant knew she exercised her rights; (3) the defendant took an employment action against the plaintiff that a reasonable employee would have found materially adverse; and (4) there was a causal connection between the protected activity and the adverse employment action. *Burlington N. & Santa Fe Rwy. Co. v. White*, 126 S.Ct. 2405, 2415 (2006); *DiCarlo*, 358 F.3d at 420. Plaintiff need not prove her case by a preponderance of evidence at the prima facie stage. *Singfield v. Akron Metropolitan Housing Authority, et al.*, 389 F.3d 555, 563 (6th Cir. 2004). "[T]he burden of establishing a prima facie retaliation case is easily met." *Id.*

Defendant Northcoast admits there is no dispute Tittl engaged in protected activity, both in her presentation to Guggenheim and by filing her OCRC charges. (ECF DKT #115, p.6). Defendant also concedes the exercise of Tittl's rights was known, since Guggenheim participated in the meeting in which Tittl and the union voiced concerns about Veal. *Id.* Because Plaintiff's burden of proving a prima facie case is light, the Court finds that Guggenheim's refusal to proceed with an investigation of Veal's claimed discriminatory conduct and to reinstate Tittl constitutes a materially adverse action. Furthermore,

Guggenheim's letter to Tittl (dated July 22, 2005) clearly demonstrates the temporal proximity between her OCRC filings (July 1, 2005 and July 15, 2005) and his decision to cease any further inquiry into her employment record and her reverse race discrimination claims. Plaintiff's required showing of a causal connection is met.

### Employer's Non-Retaliatory Explanation

The burden now shifts to Defendant Northcoast "to articulate a legitimate, non-retaliatory explanation for the action." *Singfield*, 389 F.3d at 563. To meet its burden, Defendant "need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 257 (1981). "The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was [terminated] for a legitimate, nondiscriminatory reason. The defendant need not persuade the court that it was actually motivated by the proffered reasons." *Id.* at 254. See *Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 25 (1978). " It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Id.*

> To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext.

*Burdine*, 450 U.S. at 254.

Defendant Northcoast proffers the Affidavit of its CEO, Paul Guggenheim (ECF DKT #115-2), which recites in pertinent part:

> 6) Although it was unknown to me at the time, Julie Tittl had filed two Ohio Civil Rights Commission (OCRC) complaints and the union had filed a grievance by the time of this meeting. Since I was unaware that other mechanisms had been put in place that would lead to the investigation of the claims raised by Williams, Robinson and Tittl, I agreed to "look into the matter" and also agreed to get back to Ms. Tittl.
>
> 7) I took steps to look into the matter by asking Jeff Sims to find out about the claims of overtime and flextime usage.
>
> 8) On July 22, 2005, I was notified by Belinda Duncan that Northcoast had received Julie Tittl's Charge of Discrimination from the OCRC.
>
> 9) After learning about the OCRC complaint, I determined that if I continued to "look into the matter" my efforts could be seen as interference in an official investigation and I informed Julie Tittl in a letter that it would be prudent to let the "processes she placed in motion complete their respective cycles."

Guggenheim attached the letter he referenced in his Affidavit, and verified it as a true and accurate copy.

Thus, the Court finds Defendant Northcoast has satisfied its burden of production. That is, Defendant has produced admissible evidence, in the form of the above-cited affidavit and letter, allowing a reasonable trier of fact to find Northcoast had a legitimate, nondiscriminatory reason for the adverse employment actions of refusing to investigate Plaintiff's complaints and subsequently, to reinstate Plaintiff.

**Pretext**

The burden now shifts back to Plaintiff to demonstrate, *by a preponderance of the evidence*, that Defendant's proffered reasons for the adverse employment action were

-7-

pretextual. *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). "A plaintiff can demonstrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000). Pretext can be established by noting inconsistencies in the proffered reason for the adverse employment action. *Tinker v. Sears, Roebuck & Co.*, 127 F.3d 519, 523 (6th Cir. 1997). "Courts have recognized that in discrimination and retaliation cases, an employer's true motivations are particularly difficult to ascertain." *Singfield*, 389 F.3d at 564, quoting *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983). Yet, "[t]he law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with. . ." *Bender v. Hecht's Department Stores*, 455 F.3d 612, 626 (6th Cir. 2006) (quoting *Hartsel v. Keys*, 87 F.3d 795, 801 (6th Cir. 1996)). "It is the employer's motivation and intent, not its business judgment, that is at issue." *Burke-Johnson v. Department of Veterans Affairs*, 211 F. App'x 442, 450 (6th Cir. 2006) (quoting *Wrenn v. Gould*, 808 F.2d 493, 502 (6th Cir. 1987)). Furthermore, " a reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515 (1993) (italics in original).

Plaintiff Tittl has not provided the Court with any evidence to establish that Defendant Northcoast's explanation for the adverse action is pretextual. Certainly, it is a sound policy to discourage simultaneous investigations of the same incidents in the workplace. An EEO officer is specifically trained to investigate and respond to civil rights charges leveled against

the employer by an employee. Paul Guggenheim's belief it was prudent and efficient to step back and allow the internal EEO mechanism to proceed unimpeded was legitimate; and Plaintiff has no evidence demonstrating otherwise. Tittl has provided no evidence Guggenheim's explanation for discontinuing his own investigation of her charges was untruthful, was not his motivation, or was an insufficient motivation. She has no evidence that he offered her reinstatement to her position, or that the option of returning to Northcoast was anything other than speculation on her part.

### III. CONCLUSION

Plaintiff, Julie Tittl, has not carried her evidentiary burden such that a jury could conclude Paul Guggenheim's reasons for not continuing his investigation and for not reinstating her are pretextual. Therefore, the Supplemental Motion of Defendant, State of Ohio, Department of Mental Health, dba Northcoast Behavioral Healthcare, for Summary Judgment is granted.

IT IS SO ORDERED.

DATE: 9/4/08

Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge